

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. B. Caudle
County Attorney
Franklin County
Mt. Vernon, Texas

Dear Sir:

Opinion Number O-1502
Re: Does referendum ticket
invalidate bond election?

We are in receipt of your opinion request and quote from your letter as follows:

"In an election held in an independent school district ordered by the Board of Trustees of the district, the order authorizing the election to be held in the district was that each ballot should have written or printed thereon the following:

FOR: The issuance of the bonds and the levying of the tax in payment thereof.

AGAINST: The issuance of the bonds and the levying of the tax in payment thereof.

At the election there was also another ticket handed out to each voter to be voted on, which read as follows:

FOR: Erecting building on Ball Park grounds.

FOR: Erecting building on present Grade School Campus.

In voting, the election manager handed to each voter the ballot designated by the Board of Trustees

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable F. B. Caudle, page #2

and also the other ballot signifying the choice of location.

> FIRST: In view of Article 2786 and Article 2788, did the referendum ticket invalidate the election?"

As we understand your inquiry, the voters were handed two separate ballots - one provided for in the election order authorizing the bond election, and in Article 2786 of the Revised Civil Statutes of Texas - the other a separate ballot to determine the location of the new building in the event the bond election carried.

The Board of Trustees, as the governing body of the independent school district, would have the authority to erect a new building on any site within the district. The additional ballot seems to us to have been merely a "straw" vote to determine the will of the people as to where they wanted the new building to be located, and had no legal meaning or effect, whatsoever. Being merely an expression of the people, it may or may not aid the Board in determining the location of the building.

Therefore, it is our opinion that under the facts submitted in your letter, the referendum ticket did not invalidate the bond election as a matter of law. However, if a sufficient number of voters were in some way misled by this "straw" ballot so as to change the result of the election, then these facts would have to be proven in a court of competent jurisdiction in an election contest proceeding. See Bradford v. McCloskey, 244 S. W. 575.

Trusting that the above satisfactorily answers your inquiry, we are

APPROVED SEP 7, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Claud O. Boothman*

Claud O. Boothman
Assistant

COB-s

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN